

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-83,531-01

## EX PARTE PAUL ARRON LANDRENEAU, Applicant

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. 1400711-A IN THE 184TH DISTRICT COURT
## FROM HARRIS COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of a controlled substance with the intent to deliver and sentenced to eight years' imprisonment. He did not appeal his conviction.

Applicant contends, among other things, that his plea was involuntary because a post-guilty plea laboratory report found no controlled substances in the seized evidence. The trial court adopted Applicant's and the State's proposed findings of fact and conclusions of law and recommended that

we grant relief. The trial court found that the laboratory analysis in Applicant's case did not indicate the presence of any controlled substance or dangerous drug. According to the report forwarded with the record, however, 26.71 grams of methamphetamine were found.

Applicant has alleged facts that, if true, might entitle him to relief. *Ex parte Mable*, 443 S.W.3d 129 (Tex. Crim. App. 2014); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

Applicant appears to be represented by counsel. If he is not and the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make further findings of fact and conclusions of law as to whether the 26.71 grams of methamphetamine mentioned in the laboratory report were the basis for Applicant's conviction in cause number 1400711. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall

be obtained from this Court.

Filed: September 16, 2015
Do not publish